IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHERI WELCH, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:07-CV-536-Y | |
| § | | |
| W. ELAINE CHAPMAN, § | | |
| FMC–Carswell, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B. PARTIES**

Petitioner Cheri Welch, Reg. No. 41652-061, is presently incarcerated in the Federal Medical Center in Fort Worth, Texas (FMC-Carswell).

The Respondent is W. Elaine Chapman, Warden of FMC-Carswell.

**C. PROCEDURAL HISTORY**

Welch is serving a life sentence for her 1993 conviction for the second degree murder by suffocation of her infant daughter Krystina in cause number 3:90-CR-98 in the United States District Court for the Southern District of Ohio, Dayton Division. (Resp't Appendix at 10) *See also*

CM/ECF, Criminal Docket for Case # 3:90-CR-98-WHR-SLO-1, docket entries for Sept. 13, 1993 & Sept. 14, 1993. At the time of her arrest, Welch also admitted to suffocating another one of her daughters Holly and attempting to suffocate her infant son Nicholas. (Resp't Appendix at 19, 46) According to the Bureau of Prisons's (the Bureau) sentence computation, Welch has a projected release date of October 30, 2020. (*Id.* at 4)

By this petition, Welch challenges the decision by the United States Parole Commission (the Commission) to deny her release to parole and continue her parole hearing for fifteen years and the Bureau's computation of her sentence. (Petition at 7; Resp't Appendix at 46-51) Welch's initial parole hearing was held on April 26, 2000. (Resp't Appendix at 26) At the hearing, Welch admitted to suffocating her daughter Krystina but denied any involvement in the deaths of Holly and Nicholas and stated she had confessed to killing them only because she was under severe mental stress at the time. (*Id.* at 21, 46) For the following reasons, the parole hearing examiner recommended, and the Commission ordered, that Welch continue to a 15-year reconsideration hearing in April 2015:

> Your offense behavior has been rated as Category Eight severity because it involved murder. Your salient factor score (SFS-98) is 9. You have been in federal confinement as a result of your behavior for a total of 112 months as of March 30, 2000. Guidelines established by the Commission indicate a range of 100+ months to be served before release for cases with good institutional adjustment and program achievement. After review of all relevant factors and information presented, a decision exceeding the lower limit of the applicable guideline category by more than 48 months is warranted based on the following pertinent aggravating factors: You murdered an innocent and defenseless 7 month old child by suffocating her to death. In addition, you admitted to authorities that you had committed similar assaultive acts towards two other children.

(*Id.* at 51)

Thereafter, Welch received statutory interim hearings in 2002, 2004, and 2006 to determine whether a change to the Commission's decision was warranted, and, in each case, the Commission found no reason to change its previous decision, notwithstanding Welch's exemplary behavior and outstanding institutional adjustment and achievements. (*Id.* at 53-56, 62-68) Welch appealed the

2002 decision, but the National Appeals Board agreed with the panel's recommendation and affirmed the Commission's decision. (*Id.* at 57-61) Thereafter, Welch filed a petition for writ of habeas corpus pursuant to § 2241 in the convicting court, which was dismissed for want of jurisdiction. *See* CM/ECF, Civil Docket for Case # 3:07-CV-5-WHR-SLO, docket entry 131. Welch then filed this petition.

**D.     ISSUES**

Petitioner asserts that, in violation of constitutional due process, the Commission is holding her accountable for murdering Holly and attempting to murder Nicholas, crimes she was not charged with and did not commit, as an aggravating factor in giving her a 15-year set off, that she has been denied a proper and unbiased parole hearing, that under "old law" she is eligible for mandatory release on her "2/3 date," which according to her calculation is September 9, 2008, and the Bureau has failed to apply her statutory good time in calculating the time she has served.[1]  (Petition at 7-10)

**E.     EXHAUSTION**

The government asserts that Welch has failed to exhaust administrative remedies as to her time-computation claims. Federal prisoners are required to exhaust administrative remedies before filing a petition under 28 U.S.C. § 2241. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990). An administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §§

---

[1] Welch also raises, for the first time, an equal protection claim in her response to Quarterman's response to her petition. The Court will not consider this untimely claim for which leave to amend has not been granted. *See* Fed. R. Civ. P. 15(a); *Anderson v. Johnson,* 338 F.3d 382, 386 (5th Cir. 2003) (exhaustion requirement not satisfied if petitioner submits new factual allegations or new legal theories to the federal habeas court); *Dowthitt v. Johnson,* 230 F.3d 733, 746 (5th Cir. 2000) (same).

542.10-542.19. Under this administrative procedure, if informal resolution fails, the inmate must pursue a three-level process within the prescribed time intervals. Typically, the inmate must formally appeal to the Warden, via a Request for Administrative Remedy, commonly referred to as a BP-9; then to the Regional Director, via a form commonly referred to as a BP-10; and finally to the Office of General Counsel, via a form commonly referred to as a BP-11. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. § 542.15; *Rourke*, 11 F.3d at 49.

The government has submitted the declaration of J.R. Johnson, Correctional Program Specialist at the Designation and Sentence Computation Center in Grand Prairie, Texas, for the Bureau. (Resp't Appendix at 69) Johnson avers that, by way of his employment, he has access to records maintained by the Bureau and that Welch has not filed a request for administrative remedies at any level with the Bureau concerning her sentence computation. (*Id.* at 73) Nor has Welch alleged or presented evidence through exhibits that she has exhausted the administrative remedy process relevant to her time-computation claims.

The purpose of exhaustion is to allow the federal agency being challenged an opportunity to correct its own error without court intervention. *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991). Exceptions to the exhaustion requirement are appropriate only in extraordinary circumstances where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action. *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). Such showing not having been demonstrated by Welch, she cannot now proceed in this court in habeas corpus as to her time-computation claims. Accordingly, contrary to

her assertion, dismissal of the time-computation claims for lack of exhaustion is warranted so that Welch can fully exhaust administrative remedies as to the claims and then return to this court, if she so desires, after exhaustion has been properly and fully accomplished.

**F.    DISCUSSION**

*1. Parole*

Generally, the Commission is vested with absolute discretion in matters of parole. *Maddox v. U.S. Parole Comm'n*, 821 F.2d 997, 999 (5th Cir. 1987). Administrative guidelines for parole decisions operate only to provide a framework for the Commission's exercise of its authority. *Portley v.* Grossman, 444 U.S. 1311, 1312 (1980); 28 C.F.R. § 2.20(c). The Commission's decisions involving the granting or denial of parole will not be disturbed absent flagrant, unwarranted, or unauthorized action. *Portley*, 444 U.S. at 1312; *Stroud v. U.S. Parole Comm'n*, 668 F.2d 843, 846 (5th Cir. 1982); *Maddox*, 821 F.2d at 1000. A Commission determination thus is reversible by a court only if the decision is so arbitrary and capricious as to be beyond the Commission's discretion, or violative of the prisoner's constitutional rights. *Brown v. Lundgren*, 528 F.2d 1050, 1054 (5th Cir. 1976).

In reaching a decision regarding parole, the Commission may use all relevant, available information. *Id.*; *Page v. U.S. Parole Comm'n*, 651 F.2d 1083, 1086 (5th Cir. 1981); 18 U.S.C. § 4207. Although the Commission's decisions must have a factual basis, judicial review is limited to whether there is "some evidence" in the record to support the Commission's decision. *Maddox*, 821 F.2d at 1000. The purpose of an interim hearing is to allow the Commission to consider any significant developments or changes in the prisoner's status that may have occurred subsequent to

the initial hearing. 28 C.F.R. § 2.14(a). Following an interim hearing, the Commission may, as in Welch's case, order no change in the previous decision. *Id.* § 2.14(a)(2)(I).

Although there is some support for the proposition that the Commission may not base its judgment as to parole on an inaccurate factual predicate, the Commission apparently determined that Welch's recantation of her videotaped statement, in which she admitted to authorities that she had committed similar assaultive acts towards Holly and Nicholas, was not persuasive in showing that the information before it was necessarily inaccurate or unreliable. *See Furnari v. Warden, Allenwood Fed. Corr. Inst.*, 218 F.3d 250, 254 (3rd Cir. 2000). It is not the function of the courts to review the discretion of the Commission in denying parole or to re-pass upon the credibility of reports and information received by the Commission in making its determinations. *See Maddox v. U.S. Parole Comm'n*, 821 f.2d 997, 999 (5th Cir. 1987); *accord*, *Montgomery v. U.S. Parole Comm'n*, 838 F.2d 299, 301 (8th Cir. 1988); *Dye v. U.S. Parole Comm'n*, 558 F.2d 1376, 1378 (10th Cir. 1977). Although institutional conduct may be a factor in the Commission's decision regarding parole, the Commission is not commanded to grant parole on this factor alone. The particular significance to accord this factor is within the broad discretion of the Commission. *See Shahid v. Crawford*, 599 F.2d 666, 670 (5th Cir. 1979). There was a rational basis for the Commission's decision, and it acted within its authorized discretion to decide not to modify the previous determination. 28 C.F.R. § 2.14(a)(2)(I).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge—Page 6 of 8**

In conclusion, there is a rational basis in the record for the Commission's decision, and Welch failed to establish that the Commission's decision was arbitrary and capricious, an abuse of discretion, or violative of a constitutional right.[2]

## II. RECOMMENDATION

Based on the foregoing, Welch's petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 21, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice,

---

[2] Among other relief requested in her petition and response (docket entry #12), Welch seeks an evidentiary hearing, mandamus relief, and correction of the Ohio court's judgment of conviction. An evidentiary hearing is not required if the record is complete or the petitioner raises only legal claims that can be resolved without the presentation of additional live evidence. *See Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989). The claims raised by Welch can be resolved on the record presented. For the same reasons given for denying habeas relief, mandamus relief should be denied. Finally, Welch's request for correction of the judgment of conviction must be pursued in the convicting court. *See* 28 U.S.C. § 2255.

from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 21, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 31, 2008.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE